[Civ. No. 17719.   Second Dist., Div. One.   Jan. 17, 1951.]

SECURITY-FIRST NATIONAL BANK (a National Banking Association), Plaintiff and Appellant, v. BERTHA F. WALTERS et al., Defendants and Appellants.

Roane Thorpe for Plaintiff and Appellant.

Milton A. Krug for Defendant and Appellant Bertha F. Walters.

William Ellis Lady for Defendant and Appellant Helen A. Walters.

DORAN, J.—The judgment herein appealed from by the various parties thereto, was entered in an action for declaratory relief instituted by the Security-First National Bank, and involved an alleged wrongful act of the bank in permitting access to a safe-deposit box rented by Bertha F. Walters

and William R. Walters, husband and wife. William R. Walters died on July 11, 1946, and Helen A. Walters, divorced wife of decedent, was appointed executrix of the estate.

On April 11, 1942, the Security Bank rented to Bertha F. Walters a safe-deposit box at its Highland Park Branch, a rental receipt and one key being then issued. Thereafter, on April 13, 1942, a corenters' agreement in reference to said box was signed by Bertha F. Walters and William R. Walters and a key issued to the husband. Among other things the corenters' agreement provided that ''Right of access to said box shall be had and surrender of same may be made by either of us without consent of or notice to the other.'' The safe deposit manual of the bank instructed its employees that if one party wrote or stated that the other corenter was not to be allowed access to the box, the box would be automatically sealed.

On or after September 27, 1945, Bertha F. Walters placed in the safe-deposit box six cashier's checks in the total amount of $9,000, issued by the Security Bank on that date, and payable to the order of Bertha F. or W. R. Walters. The funds made use of in payment for these cashier's checks were derived from the Bank of America in the amount of $5,000, and from the Security Bank as to the remaining $4,000. The trial court found that these funds ''came from the business and operations of the Radience Products Co. were . . . the community property of Bertha F. Walters and William R. Walters.''

At the time the cashier's checks were placed in the safe-deposit box, and apparently furnishing an explanation for such action, Helen Walters, divorced wife of William R. Walters, had instituted an action against William R. and Bertha F. Walters for rescission of an agreement whereby William R. Walters purchased the partnership interest of Helen Walters in Radience Products Company. This action came on for trial on October 1, 1945; Mr. Walters was then ill, and the litigation was finally settled by a payment of $2,000 to Helen Walters.

The trial court found that ''on or about January 4, 1946, Bertha F. Walters orally instructed Security-First National Bank . . . not to let William R. Walters into said safe-deposit box No. 184 without her being present.'' On February 4, 1946, William R. Walters in writing instructed the bank not

to permit anyone to have access to the box; it was found that "said Bank orally agreed not to let either of said parties into said box without the consent of the other but that no consideration was received by it for such agreement."

On January 30, 1946, Bertha F. Walters was adjudicated incompetent and the Bank of America appointed as guardian. The guardian notified the Security Bank of the appointment on March 1, 1946, stating that the guardian was informed of the instructions in reference to not opening the box and that "it assumed that said instructions would hold" as to the guardian bank.

The trial court further found that, notwithstanding such instructions the Security Bank did "allow William R. Walters access to said safe-deposit box on or about May 28, 1946, and did allow him to remove therefrom said Cashier's checks in the amount of $9,000.00." It was found, however, that Mr. Walters did not "dissipate and give away, . . . the whole or any part of the proceeds of said Cashier's checks; but that . . . the proceeds thereof went back into the business of Radience Products Co."

William R. Walters died on July 11, 1946, and on August 2, 1946, Bertha F. Walters was duly restored to competency. Thereafter, and on September 26, 1946, an agreement of compromise was entered into between Helen A. Walters, special administratrix of the estate of William R. Walters, and Bertha F. Walters, the latter having filed a contest to the probate of Mr. Walters' will and various other petitions. It was therein stated that Bertha F. Walters claimed that decedent had wrongfully obtained the $90,000 which was in the safe-deposit box.

By this compromise agreement Helen A. Walters was to pay to Bertha F. Walters the sum of $14,000 and to deliver the key to said box to the latter. Certain other provisions were included which do not bear upon the present controversy. Expressly reserved to Bertha F. Walters, however, were "any claims . . . against the Security-First National Bank; but with a covenant not to sue Helen A. Walters or the William R. Walters estate "with reference to the sum of $9,000.00 claimed to have been removed from the safety deposit box."

It was concluded by the trial court that although the Security Bank "breached the co-renters' agreement . . . when it permitted William R. Walters access to said safe-deposit box . . . and he took therefrom the Cashier's checks," since such checks were community property in the possession and

control of William R. Walters, "his removal (thereof) . . . did not limit, infringe upon, or affect in any way the community rights therein or thereto or to the proceeds thereof then held by Bertha F. Walters, his wife; and that such rights . . . continued until she executed the Agreement of Compromise" hereinbefore mentioned.

The trial court further held that any right of the wife to recover against the Security Bank "was limited to the amount of damages she might prove she had suffered," and that "Bertha F. Walters has never suffered any damage by the breach of said co-renters' agreement in any sum whatsoever." The conclusions of law also state that if the Security Bank "were liable to Bertha F. Walters . . . the Estate of William R. Walters, Deceased, would be, in turn, liable to Plaintiff (Security) Bank, for the same amount"; that such liability would be for conversion of the cashier's checks as to the Security Bank, but that the bank had suffered no damage by reason of such conversion. It was therefore adjudged that the Security Bank recover nothing as against either defendant, and that Bertha F. Walters, and Helen A. Walters as executrix of the estate of William R. Walters, deceased, take nothing.

It is the contention of appellant Bertha F. Walters that the trial court erred "in its conclusion that Bertha F. Walters was not damaged by the conduct of the Security-First National Bank"; that the cashier's checks were held by Mr. and Mrs. Walters in joint tenancy or in trust for Bertha F. Walters as to one-half thereof; that certain conclusions of law are not supported by the evidence or the findings; that in any event in such an equitable proceeding as the present declaratory relief action, the court should not absolve the bailee bank from liability.

The brief of Helen A. Walters, executrix, complains that the judgment as it affects the estate, "is conditional as well as speculative," and without support in the findings or evidence, and asks that the judgment should be reversed or modified by striking out "that portion which provides that if plaintiff bank 'were liable to Bertha F. Walters for damages in any sum whatsoever, the Estate of William R. Walters, Deceased, would be liable to Bertha F. Walters.' "

The Security Bank appeals from that portion of the judgment which holds that the bank breached the corenters' agreement in permitting William R. Walters to have access to the box. It is argued that "The rights of the parties are governed

solely by the co-renters' Agreement of April 13, 1942," that the receipt of April 11, signed only by the wife, was not admissible in evidence; and that "The fact that the bank orally represented to Bertha F. Walters that they would not permit access to the box to W. R. Walters does not create an estoppel against the bank."

A survey of the record herein and of the various points of objection raised in the briefs of the several parties, none of whom find satisfaction in the decision of the trial court, discloses no prejudicial error and no cause for reversal. It cannot be said that the findings and judgment which purport to declare "the rights, duties and obligations of plaintiff (Security Bank) and defendants with respect to the proceeds of said cashiers checks," are without support in the evidence.

■ Although it may be true that, based upon other items of evidence, a different result might have been reached by another judge or court hearing the case, such fact, under the usual rules of review, does not justify appellate interference with the judgment rendered. Nor have any citations been offered which furnish ground for reversal under the existent facts.

That the Security Bank, by its own rules, should have kept the box sealed against entry by either party in the absence of the corenter, pursuant to the instructions given by both Mr. and Mrs. Walters, seems clear. Mr. Tilton, manager of the bank, had, indeed, sealed the box, and as stated by the trial court, "Neither (party) attempted to violate it until the 28th of May when, undoubtedly solely due to the absence of Mr. Tilton and either the inexperience or lack of knowledge of Mr. Haigh (an employee), that modification was violated." At that time Mr. Walters removed and cashed the cashier's checks which could legally be negotiated by either of the parties whose names were thereon.

As indicated in the findings, the bank's dereliction in reference to the safe-deposit box, standing alone, is not necessarily determinative of the present controversy. Unless Bertha F. Walters has suffered some damage from the bank's conduct, there could be no cause for complaint. And this matter, like other questions of fact involved in the case was one presented for the trial court's decision.

■ The record discloses evidence from which the court might draw the reasonable conclusion that the cashier's checks placed in the box by Bertha F. Walters, were community property; that the money represented by such checks was derived from operation of the Radience Products Company,

and that after William R. Walters had withdrawn and cashed the checks, the proceeds therefrom were returned to their original source, the Radience Products Company. This company and its assets formed a part of the estate of William F. Walters, and are mentioned in the agreement of compromise which purported to settle the difficulties existing between the parties, reserving only the alleged cause of action against the Security Bank.

The trial court's findings leading to the decision that none of the parties should recover anything from the other and that Bertha F. Walters had suffered no damage, cannot be said to be unsupported by the evidence nor in any manner contrary to law.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.